IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: §
DALE RICHARD GROTJOHN d/b/a § NO. 03-47055-dml-11
DALE'S WOODWORK, § (Bankruptcy Court Number)
 §
 Debtor. §
_____ §
 §
DIANE REED, CHAPTER 7 §
TRUSTEE, §
 §
 Appellant, §
 §
VS. § NO. 4:07-CV-031-A
 § (District Court Number)
DALE RABE, ET AL., §
 §
 Appellees. §

MEMORANDUM OPINION
and
ORDER

This action comes before the court as an appeal from a final summary judgment of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable D. Michael Lynn presiding. Diane Reed, Chapter 7 Trustee (the "Trustee") is appellant, and the law firm of Blumberg & Bagley, L.L.P. ("B&B") and Dale Rabe ("Rabe") are appellees. The court, having considered the briefs of the Trustee and B&B,[1] the record

---

[1]Rabe filed a brief in which he purported to adopt and join in with B&B's brief. Because the undersigned does not accept electronic filings, Rabe's brief was ordered unfiled. Rabe subsequently failed to file his brief
(continued...)

on appeal, and applicable authorities, finds that the bankruptcy court's summary judgment in favor of B&B and Rabe should be affirmed.

I.

Jurisdiction

As an appeal from a final judgment of a bankruptcy court, this court has jurisdiction pursuant to 28 U.S.C. § 158(a).

II.

Background and Underlying Proceedings

On July 29, 2003, Dale Richard Grotjohn (hereinafter, "the Debtor") filed for chapter 7 bankruptcy. On January 14, 2004, the court entered an order of discharge, and the chapter 7 case was closed. On November 1, 2004, the Debtor moved to re-open the bankruptcy case in order to disclose certain assets previously omitted from his schedules and statement of financial affairs. These assets included a partnership interest the Debtor had in Stanley Wright and Carz, Inc. ("SWC") and also certain claims he had against SWC. After the bankruptcy case was re-opened, the

---

[1](...continued)
conventionally. Nonetheless, this court's legal analysis and conclusions herein apply with equal force to Rabe.

Debtor sought to exempt these assets from the bankruptcy estate, but the bankruptcy court denied this request.

Notably, when the Debtor moved to reopen his bankruptcy case, the Debtor's belatedly disclosed partnership assets were already the subject of pending state-court litigation. This litigation was initiated in August of 2004 in the 141st District Court of Tarrant County, Texas in cause numbered 141-207766-04 and styled <u>Carz, Inc. and Stanley W. Wright v. Jack Gadberry and Dale Grotjohn</u> (hereinafter, "the State-Court Litigation"). The Debtor's claims were asserted via a counterclaim. In September 2004, the Debtor purported to transfer to Rabe one third of any claims that he had in the State-Court Litigation in return for Rabe's paying the attorney's fees to B&B necessary to pursue those claims. <u>See</u> Record[2] at 26, ¶¶ 7-8 and Ex. A thereto.

In July of 2005, the jury returned a verdict adverse to the Debtor in the State-Court Litigation, finding that there was no partnership. <u>See</u> Record at 496. Consistent with the jury verdict, a final judgment was entered that the Debtor recover

---

[2]The papers on file in the bankruptcy action were forwarded to the court in conjunction with this appeal. Each page is numbered consecutively. These papers are referred to herein collectively as the Record, followed by the appropriate page number(s).

3

nothing.[3]  Id. at 496-499.  This judgment is now final and non-appealable.  Id. at 525-526.

In January 2006, the Trustee filed a complaint initiating the adversary proceeding that has resulted in this appeal.  In the complaint, the Trustee alleged that the State-Court Litigation claims that the Debtor transferred to Rabe were property of the estate at the time of transfer, because the claims existed when the Debtor filed bankruptcy.  Id. at 27, ¶ 10.  Per the Trustee, the attorney's fees paid to B&B in connection with the State-Court Litigation also are property of the estate, because those fees allegedly constitute proceeds, product, and offspring of property of the estate under 11 U.S.C. § 541(a)(6).  Id.  Pursuant to 11 U.S.C. §§ 549 and 550, the Trustee sought to avoid the post-petition transfer of the attorney's fees and recover them from Rabe and B&B, jointly and severally.  Id. at 27-28, ¶¶ 16, 19-20.  The amount paid by Rabe, either directly or indirectly, to B&B in attorney's fees was somewhere between $35,000.00 and $67,000.00.[4]

---

[3] Indeed, pursuant to the final judgment in the State-Court Litigation, the Debtor and another party were ordered, jointly and severally, to pay close to $80,000.00 in attorney's fees.  See Record at 498.

[4] Presumably because the actual legal claims transferred to Rabe had been rendered worthless by the adverse ruling in the State-Court Litigation, the
(continued...)

B&B filed its motion for summary judgment against the Trustee on July 18, 2006. See Record at 44-84. Rabe joined in B&B's motion. Id. at 85. On October 4, 2006, the bankruptcy court issued a memorandum opinion granting B&B's motion for summary judgment on the Trustee's claims. Id. at 1178-1183. In the opinion, however, the bankruptcy court went on to note that, given the negative and final disposition of the State-Court Litigation, the estate may have been harmed by B&B's and the Debtor's having exercised control over this estate property in violation of the automatic stay under 11 U.S.C. § 362(a)(3). Id. Although the bankruptcy court afforded the Trustee an opportunity to amend her complaint to assert such a claim, she did not. Consequently, the bankruptcy court signed a final judgment on November 30, 2006, granting summary judgment in favor of B&B and Rabe on the Trustee's claims. This appeal ensued.

III.

Issues on Appeal

The Trustee asserts four issues on appeal.[5] As framed

---

[4](...continued)
Trustee chose solely to pursue recovery of the attorney's fees.

[5]Without the benefit of much, if any, pertinent legal authority, B&B questions whether the Trustee has adequately raised some of these grounds for appeal, arguing that the Trustee's statement of issues on appeal under
(continued...)

by the Trustee, those issues are whether the bankruptcy court erred in granting summary judgment in favor of B&B and Rabe:

1. By determining that admittedly transferred money was not property of the estate in the form of proceeds;

2. By determining no recovery under § 550 was available because no transfer subject to avoidance under § 549 occurred despite summary judgment evidence that $35,000.00 to $67,279.17 was transferred;

3. By ignoring that B&B were judicially estopped to deny that the transfer of estate property occurred because of their prior inconsistent position regarding the now disputed transfer relied on by both the state court and the bankruptcy court; and

4. By finding that the money admittedly transferred was a gift despite no gift pleadings by B&B and Rabe and summary judgment evidence that no donative intent existed.

IV.

Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to <u>de novo</u> review. <u>Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.)</u>, 785 F.2d 1249, 1252 (5th Cir. 1986). Findings of fact, however, will not be set aside unless clearly erroneous.

---

[5](...continued)
Bankruptcy Rule 8006 do not correspond to the issues that she actually briefed. Having reviewed B&B's argument, the court concludes that any detailed analysis of this issue would be unproductive and that the issues as briefed by the Trustee are properly before the court.

Bankr. R. 8013; Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.), 783 F.2d 1283, 1287 (5th Cir. 1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. Id. The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).

V.

## Analysis

As correctly urged by B&B, the crux of this appeal is whether there was a transfer of estate property in the first instance. See B&B's Br. at 9. If there was no such transfer, each of the Trustee's theories either fails or is otherwise rendered irrelevant. The court concurs with the bankruptcy court's conclusion that there was no transfer of estate property as a matter of law.

No party to this appeal disputes that any claim the Debtor may have had against SWC was at all times the property of the bankruptcy estate. Only the Trustee, as the representative of the estate, thus had the power to sell property of the estate. See 11 U.S.C. §§ 323(a) and 363(b)(1). A debtor has no power to transfer estate property. See, e.g., Green v. Kasishke (In re Kasishke), 40 B.R. 712, 714 (Bankr. N.D. Tex. 1984). Because the Debtor had no legal interest in the State-Court Litigation to transfer to Rabe, none was transferred. Indeed, the assignment itself purported to transfer only claims that the Debtor "has" against SWC. See Ex. A to Trustee's Compl., Record at 25-30. The Debtor had no claims against SWC, and, consequently, no transfer of any such claims to Rabe occurred. In the absence of a transfer of estate property, there can be no "proceeds, product, offspring, rents, or profits of and from the property of the estate" under 11 U.S.C. § 541(a)(6). Id. Likewise, there is no transfer to avoid and recover upon pursuant 11 U.S.C. § 549 and 11 U.S.C. § 550, respectively. Because the court finds that there was no transfer of estate property, it need not address any further issues raised by the Trustee on appeal.

VI.

Order

For the reasons discussed herein,

The court ORDERS that the final summary judgment from which appeal is taken be, and is hereby, affirmed.

SIGNED August 20, 2007.

_____
JOHN McBRYDE
United States District Judge